IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS H. BARANOWSKI | § | |
| v. | § | CIVIL ACTION NO. 6:07cv312 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Thomas Baranowski, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Baranowski pleaded guilty to and was convicted of sexual assault in 1984. He has previously sought federal habeas corpus relief regarding this conviction, although without success. *See* Baranowski v. Collins, civil action no. 6:91cv195 (E.D.Tex., dismissed Jan. 24, 1992, no appeal taken).

In the present petition, Baranowski asserts that: (1) he is actually innocent of sexual assault; (2) the Longview police coerced him into signing a false confession and into pleading guilty at trial; (3) the prosecutor failed to disclose material exculpatory evidence; (4) the Gregg County prosecutors had DNA evidence which would have exonerated him, but throughout his confinement the State has "secreted or destroyed" this evidence; (5) during a state court hearing on a motion to produce DNA evidence for testing, the presiding judge erred by allowing Baranowski's attorney to recuse himself; (6) officials of the City of Longview and Gregg County concealed DNA evidence and induced witnesses to testify falsely; (7) the prosecutor relied on a coerced and involuntary

confession; and (8) current laws regarding registration of sex offenders are unconstitutional as applied to him and he should not be required to comply with them, in that they were not in effect at the time of his conviction.

After review of the petition, the Magistrate Judge issued a Report on August 3, 2007, recommending that the petition be dismissed. The Magistrate Judge noted that Baranowski's claims numbered (1), (2), (3), (6), and (7) related to alleged errors at trial, and are therefore successive, so Baranowski cannot refile them without permission from the Fifth Circuit Court of Appeals under 28 U.S.C. §2254(b). The Magistrate Judge concluded the other claims raised by Baranowski relate to alleged errors during State post-conviction collateral proceedings, which do not set out a claim for habeas corpus relief in federal court.

Baranowski filed objections to the Magistrate Judge's Report on August 10, 2007. In his objections, Baranowski says that claims of actual innocence are cognizable on habeas corpus review and that failure to disclose exculpatory evidence is a due process violation. He states that this evidence was hidden to him for over 20 years, but then he found out about it. Baranowski again states that his sentence is unconstitutional because of this withholding of evidence, notwithstanding his plea of guilty, which he maintains was coerced. He says that the Court should conduct an evidentiary hearing so as to allow the records to speak for themselves.

Baranowski asserts that the trial court has refused to allow him to review the records so as to prove up his claims. He points to articles in journals regarding convictions of innocent persons and Brady v. Maryland errors and complains that he has been subjected to "collateral punishment" by being required to register as a sex offender although that law did not exist when he was convicted. He asks that the Court review all of the documents in his case and conduct "an extensive evidentiary hearing" with "a competent attorney to investigate," followed by a reversal of his conviction and a remand for a new trial.

Baranowski's contention that actual innocence is cognizable on habeas corpus review relies on state court cases. Whether or not actual innocence is a valid ground for habeas review in

the courts of the State of Texas, it is not, standing alone, a ground for federal habeas corpus relief. The Supreme Court has held that claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas corpus relief absent a constitutional violation in the underlying state criminal proceeding. Herrera v. Collins, 113 S.Ct. 853, 860 (1993), *citing* Townsend v. Sain, 372 U.S. 293, 317 (1963); *see also* Dowthitt v. Johnson, 230 F.3d 733, 742 (5th Cir. 2000) (stating that an actual innocence claim predicated on newly discovered evidence has never been held to state a ground for federal relief absent an independent constitutional violation occurring in the underlying state criminal proceeding). In addition, while it is true that the entry of a guilty plea does not preclude a collateral challenge based upon the voluntariness of the plea itself, the Magistrate Judge correctly determined that the entry of a plea of guilty generally waives any claim of a Brady violation. *See* Orman v. Cain, 228 F.3d 616, 617 (5th Cir. 2000).

More significantly, Baranowski's contentions that the court should hear his claims fail to consider the fact that his petition is successive, and so he must obtain permission from the Fifth Circuit to pursue it in the district court. 28 U.S.C. §2244(b)(3). Although Baranowski does assert that he was convicted in 1985, prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 which imposed the requirement of obtaining leave, and so the statute should not be applied to him, this contention is without merit because the present habeas petition was signed after the statute was enacted. *See* Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 2068 (1997).

The Fifth Circuit has held that district courts lack jurisdiction to consider successive habeas corpus petitions filed without obtaining leave from the appellate court. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) . This Court offers no opinion as to the merits of Baranowski's claims regarding the validity of his conviction, but lacks jurisdiction to consider these claims until such time as Baranowski has obtained leave from the Fifth Circuit to file a successive petition. Baranowski's objections in this regard are without merit.

3

Next, Baranowski complained of alleged errors which occurred during the course of proceedings on his state court motion for DNA testing. The Magistrate Judge concluded that this claim had no merit, because errors occurring in the course of state collateral proceedings cannot form a basis for federal habeas corpus relief, and Baranowski's motion for DNA testing in the state court was a state collateral proceeding. Kutzner v. Cockrell, 303 F.3d 333, 335 (5th Cir. 2002); Graves v. Cockrell. 351 F.3d 143, 156 (5th Cir. 2003). The Magistrate Judge was correct in this determination.

Finally, Baranowski complains that he has been required to register as a sex offender, despite the fact that the registration law was not in effect at the time of his conviction, which he says is a violation of the *Ex Post Facto* Clause. The Fifth Circuit has held that requiring sex offender registration by persons whose convictions pre-dated the enactment of the registration statute does not violate the *Ex Post Facto* Clause. See Rieck v Cockrell, 321 F.3d 487, 488 (5th Cir. 2003) (not improper to apply Texas sex offender registration law to individual convicted before its enactment); Moore v. Avoyelles Correctional Center, 253 F.3d 870, 871 (5th Cir. 2001) (same holding with regard to Louisiana sex offender registration law). His claim on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such review, the Court has determined that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that to the extent that Baranowski challenges the validity of his underlying conviction, such claims are DISMISSED without prejudice, and may be refiled at such time as the Petitioner receives permission from the Fifth Circuit Court of Appeals to do so. It is further

ORDERED in all other respects, including but not limited to any claims arising from the proceedings on the Petitioner's motion for DNA testing in state court and any claims regarding the allegedly retroactive application of sex offender registration statutes to the Petitioner, such claims are DISMISSED with prejudice. It is further

ORDERED that the Petitioner Thomas Baranowski is DENIED a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 5th day of September, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**